IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEVONE RAY MADEN,

    Movant,

vs.

    CIVIL NO. 00-1375 MV/DJS
    Criminal No. 94-211MV

UNITED STATES OF AMERICA,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated at the Federal Correctional Institution at Memphis, Tennessee, where he is serving a 262 month sentence as a result of his conviction for possessing with intent to distribute more than fifty (50) grams of crack cocaine.

2. The history of this litigation is long and arduous. The crack cocaine that lead to Movant's conviction was seized by authorities who entered his premises seeking to arrest him as a fugitive.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

That entry was challenged by way of a motion to suppress, which was granted by the Trial Court, which found that the officers involved in the entry did not have sufficient grounds to enter without knocking and announcing their presence as required by 18 U.S.C. §3109. An interlocutory appeal of that ruling was taken by the United States, which resulted in the reversal of the Trial Court's decision. See United States v. Maden, 64 F.3rd 1505 (10th Cir. 1995). After a jury trial, Movant was convicted and sentenced, after a downward departure, to a term of 240 months imprisonment. Movant then took an appeal challenging his conviction and the United States cross-appealed arguing that the downward departure was erroneous. In United States v. Maden, 114 F.3d 155 (10th Cir) cert denied, 522 U.S. 889 (1997) the Tenth Circuit Court of Appeals affirmed the Movant's conviction and reversed the grant of the downward departure. Thereafter, the Trial Court imposed a sentence of 262 months, which sentence was appealed by Movant. The sentence was affirmed in an unpublished opinion, United States v. Maden, 173 F.3d 865 (10th Cir. 1999)(Table). Movant's Petition for *Certiorari* was denied in Maden v. United States, 528 U.S. 853 (1999). This Motion follows and, not surprisingly, it alleges that counsel was ineffective in his representation of Movant.[2]

3. Movant's challenge to his conviction and sentence alleges that he was denied the effective assistance of counsel at the pretrial stage, at trial and on direct appeal. These areas of failure are all connected to a single set of facts, which are related to the testimony of one Detective Rock Hart in two separate suppression hearings. These hearings were held in United States v. Maden, Criminal Number 94-211 MV, discussed briefly above, and in United States v. Maden, Criminal Number 94-339 SC. These discrete criminal cases are, according to Movant, connected because Detective Hart

---

[2] The claim of ineffective assistance of counsel is made even though counsel's efforts in his lengthy representation succeeded twice in suppressing evidence in two separate but connected cases and obtaining a downward departure for Movant, a five time convicted felon.

perjured himself in the course of suppression hearings held in each of them. Movant asserts that this alleged perjury was ignored by counsel first when he did not inform the trial court of it in regard to his motion to suppress and then when he failed to bring it to the attention of the jury at trial. Thereafter, counsel allegedly failed Movant again when he neglected to make the perjury known to the appellate court, which would have convinced that court that it should not overturn the lower court's suppression order. Lastly, Movant asserts his counsel was ineffective because he did not raise the perjury issue on direct appeal, which according to Movant was a "dead bang winner". See, United States v. Cook, 45 F.3d 388 (10th Cir. 1995).

4. Thus, in order to succeed Movant must show that perjury was committed. He cannot do so because the record refutes his allegations. Movant alleges that Detective Hart perjured himself with regard to three questions asked of him by the Trial Court in a hearing held on September 1, 1994 in Crim. No. 94-211 MV recorded at pages 80-130 of the transcript of that hearing. These questions are: 1) Why he didn't write a police report about this incident; 2) Why he did not arrest the petitioner and 3) Why he did not charge the petitioner? Movant's allegations stumble at the outset. The Court did not ask these questions. They were asked by his counsel. The incident giving rise to these questions occurred on August 6, 1993 when a firearm was seized from Movant by Detective Hart. According to his testimony, Hart did not arrest Movant at that time, nor did he place the firearm into evidence control or write a report concerning the incident. (Crim. No. 94-211 MV, Tr. 9-1-94) These failures on the part of Hart form the basis of Movant's claim that Hart perjured himself at another hearing held before the Honorable Santiago Campos on October 4, 1994 in Crim. No. 94-339 SC, Tr. pp. 20-40). That hearing was held pursuant to a motion to suppress the firearm discussed above. Hart's testimony about the seizure of the firearm is entirely consistent with his

3

earlier testimony with respect to all three questions. Again, during the October 4, 1994 hearing in Crim. No. 94-339 SC, questions on these issues were asked by Movant's counsel. Movant's counsel was able to impeach Hart concerning his failure to follow appropriate police procedure in both hearings, but this is a far cry from proof that perjury was committed. In any event, the firearm was suppressed, which ultimately led the government to dismiss the charge of felon in possession of a firearm against the Movant in Crim. No. 94-339 SC. The seizure of the firearm became an issue in another context in the drug case (Crim. No. 94-211 MV) upon which Movant was convicted. His possession of it became one of the factors used by authorities to justify their entry into Movant's residence without announcing their presence as required by 18 U.S.C. §3109. As noted above, that entry was sanctioned by the Appellate Court that reviewed Movant's conviction.

5. In order to obtain habeas relief for ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687(1984)). A claim of ineffective counsel "may be resolved on either performance or prejudice grounds alone." United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000) (citations omitted). In order to show prejudice, Movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). There is a strong presumption that counsel provided effective assistance, and a §2255 movant has the burden of proof to overcome that presumption. Id. Movant cannot meet either prong of the Strickland test, nor has he overcome the presumption that he was provided effective counsel. There being no perjury, counsel cannot be

4

faulted for failing to notice it and his performance cannot be assailed in any constitutional sense. Likewise, prejudice cannot flow from a non-existing claim. Movant suggests that if the Appellate Court reviewing Crim. No. 94-211 MV had been made aware of Hart's perfidious testimony it would not have reversed the suppression order entered. This argument fails, first because there was no perjury. Secondly, Movant is required to prove the perjury. Here he has offered only speculation and hopefulness. The burden is upon him to prove that the material offered was perjurious and that the prosecution knowingly used it. See, Oyler v. Taylor, 338 F.2d 260 (10th Cir. 1964), cert. denied, 382 U.S. 847 (1965). Having failed to meet that burden, he is not entitled to relief. Beyond that, the reviewing court asserted several grounds for authorizing the "no knock" entry under consideration. Maden, 64 F.3d at 1509. Thus, there is no reasonable probability Hart's testimony concerning the firearm would have affected the decision. See Strickland 466 U.S. at 694.

**RECOMMENDED DISPOSITION:**

That the motion be denied and this matter dismissed with prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE

5